Argued November 4; affirmed November 23; rehearing denied
December 21, 1937

## HEINRICH *v.* BOOTH
(73 P. (2d) 696)

Department 1.

*B. G. Skulason,* of Portland (Skulason & Skulason, of Portland, on the brief), for appellant.

*William G. Hare,* of Hillsboro (Harry L. Gross, Ben Anderson, and Donald McCormick, all of Portland, on the brief), for respondent.

KELLY, J. At about 10 p. m. on the 26th day of September, 1936, plaintiff was riding in a southwesterly direction in a Chevrolet coach driven by her son-in-law, Mr. Robert A. Sheehan, on Sandy boulevard in Multnomah county. For convenience, we will refer to the Chevrolet coach as the Sheehan car. At said time and place defendant was driving a Packard sedan in the same general direction. As the cars approached the intersection of said boulevard with 40th avenue the two cars collided. For injuries sustained by plaintiff, because of said collision, this action was instituted.

Specifications of negligence a, b, c, d and e are set forth in plaintiff's complaint.

Before the trial, plaintiff's complaint was amended by interlining therein the following specification of negligence substituted in place of the original specification d:

"(d)—And in overtaking the automobile in which the plaintiff was riding and partially passing said automobile to the left, and then in suddenly driving his said automobile to the right and to the right side of said highway before his said automobile was safely clear of said overtaken vehicle in which the plaintiff was riding, and without any signal or warning whatsoever."

Two errors are assigned:

1. Denial of defendant's motion for a directed verdict.

2. Instructing the jury as to matters not in the record.

There is but one question submitted in this case, that is, whether there is any testimony to the effect that defendant passed or attempted to pass the Sheehan car.

It is defendant's contention that all of the evidence shows that defendant did not make any such attempt. In other words, defendant insists that there is no testi-

mony showing that defendant's car was behind the Sheehan car; but, for a space of some three blocks defendant was ahead of the Sheehan car and never passed or tried to pass it.

It is argued that because, as defendant claims, at all times involved herein defendant's car was ahead of the Sheehan car, no negligence on defendant's part is shown, for, at most, defendant merely changed the course in which he was driving and the Sheehan car ran into defendant's car.

It is also urged that the instruction of the court upon the duty of an operator of an automobile in passing or attempting to pass another car going in the same direction were not applicable to any issue or to any evidence in the case.

■ The foregoing quotation of the substituted specification of negligence, being subdivision d, of paragraph VI of plaintiff's complaint, discloses that the issue of alleged passing, or attempted passing, by defendant's car of the Sheehan car is tendered in the pleadings.

■ Turning to the transcript of testimony, we find that the testimony of Mr. H. W. Slayman, a witness called by plaintiff, bears directly upon the question before us as to whether defendant's car at any time was behind the Sheehan car. We quote from Mr. Slayman's testimony:

"Q. You may tell the jury, Mr. Slayman, what you observed at the scene of the accident.

A. To the best of my knowledge I was driving along Sandy Boulevard going west, I was following this one car in which the people were in this accident were.

Q. That is the car Mrs. Heinrich was in?

A. Yes, the Chevrolet—I would say between fifty and seventy-five feet behind it, and about two blocks from where this accident happened this other car involved was coming in in an angle towards my car along

at the side of it, at this angle, coming in from this way somewhere, coming along the side of my car, forced me clear up against the curb and finally he passed me up; he came around and got back in line, he was weaving at all times is what he was doing, going ahead. I followed him down, I got off my lane, approximately I was about, I would say a hundred feet behind him when this accident occurred, to the best of my knowledge when this happened there, I was watching him because I was curious because he had just narrowly escaped hitting me. &ast; &ast; &ast;''

The foregoing testimony of Mr. Slayman definitely places defendant's car behind the Sheehan car when within two blocks of the accident.

We now quote from the testimony of Mr. Robert A. Sheehan who was driving the car in which plaintiff was riding:

"Now Mr. Sheehan, tell the jury what took place, explain how the accident happened.

&ast; &ast; &ast; &ast; &ast;

A. I was traveling on Sandy Boulevard going westerly direction in the vicinity of 40th Avenue, I was traveling in the right hand lane; the car operated by Mr. Booth was traveling in the left hand lane slightly in advance of my car; at the intersection—

Q. (Interrupting.) Pardon me just a moment, you say 'slightly in advance of your car'—will you state whether or not the rear of his car *had passed* beyond the front of your car? (Italics supplied.)

A. Probably just beyond, yes.

Q. Probably? A. Yes.

Q. How much space would you say there was between the two cars?

A. There was very little in a direct line; of course, his car was in a separate lane.

Q. His car was in a separate lane? A. Yes.

Q. If you were to draw a line straight across the street in front of your car from the rear of his how much

space would there be from that line where it passed across the road in front of your car, up to the front of your car? Would there be any? If so, how much?

A. Very little, possibly a foot or so.

Q. Then proceed; what happened?

A. Then Mr. Booth swung his car in very suddenly in front of my car, thereby causing the collision.

Q. What happened?

A. His car caught the front hub-cap of my car and the bumper and damaged the rear of his car; I applied the brakes and stopped as soon as possible.

*    *    *    *    *

Q. Did you examine his car and your car after the accident?

A. I gave them a preliminary examination.

Q. All right, from your preliminary examination what did you find as to the marks on his car and also on yours?

A. His car had a damaged fender and the hub-cap— my car had a dented hub-cap and a scratch on the fender.''

From a consideration of the testimony, as above quoted, the jury would have been justified in finding that defendant's car passed the Sheehan car and that its driver was negligent in the manner of passing.

It is also obvious that this testimony supports and renders proper the instructions to the jury which defendant criticises.

The judgment of the circuit court is affirmed.

BEAN, C. J., and BAILEY and BELT, JJ., concur.